Nichols Shoe Company v. Commissioner.
Nichols Shoe Co. v. Commissioner
Docket No. 20645.
United States Tax Court
1950 Tax Ct. Memo LEXIS 125; 9 T.C.M. (CCH) 681; T.C.M. (RIA) 50194; August 14, 1950
*125 S. D. Nichols, President of petitioner. George E. Gibson, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $199.28 in petitioner's declared value excess profits tax liability for 1945. In his audit of the return respondent disallowed a deduction of a net operating loss deduction of $102.14 for the reason that petitioner had no operating loss for 1944. He also reduced allowable depreciation from $196.50 to $40 and added the disallowed sums aggregating $258.64 to net income. Petitioner concedes the correctness of the above adjustments and has paid the resulting deficiency in income tax. The respondent also found an error in the computation of excess profits tax due to the use of an improper rate. This he corrected. The contested deficiency in declared value excess profits tax results, in part, from the adjustments to net income but mainly from the correction of the error in the computation made in the return. Petitioner, in order to wipe out the deficiency in declared value excess profits tax, asks leave to increase the amount of the estimated value of his capital stock from $5,000 to $20,000, - *126 in effect, asking leave to file an amended capital stock tax return for 1945. Apparently, he concedes the correctness of respondent's present computation. Petitioner also, by amended petition, claims a deduction from income of salary of its president, which salary was never paid nor claimed in its return for 1945. Such salary was not returned as income by its president. [The Facts] Petitioner appeared by its president and was not represented by counsel. The statements of petitioner's president were largely in the form of arguments rather than evidence of facts. He contended that, in preparing petitioner's return for 1945, he sought the assistance of the Bureau of Internal Revenue and that an employee of the Bureau, who has since died, made a computation thereon, including the alleged error. As to such error, he argues, that if the Bureau is now permitted to correct the error in computation of tax, petitioner should be allowed to correct its error in estimating the value of capital stock in its capital stock tax return. [Opinion] The fact that petitioner may not now amend its declared value capital stock return ( ; *127 does not bar respondent from correcting an error of computation in petitioner's tax return. The situations are entirely different and are controlled by different provisions of law. It is clear that respondent was well within his rights in auditing petitioner's return and correcting the error made therein. It is likewise clear that there is no merit in petitioner's claim to correct an alleged offsetting error in its return of declared value of capital stock at this time. Nor is there a basis in the record for allowing a deduction on account of salary never paid, and, so far as the record shows, never accrued on petitioner's books. Petitioner had the burden of proof and failed to adduce adequate proof to sustain his contentions. Decision will be entered for the respondent.